United States District Court
Southern District of Texas
**ENTERED**
July 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LEOPOLDO MENDOZA-GOMEZ,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:19-CV-4742 |
| **UNION PACIFIC RAILROAD COMPANY,** | § § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Plaintiff Leopoldo Mendoza-Gomez's Motion for Judgment on the Pleadings, **(Instrument No. 26)**, and Union Pacific Railroad Company's Motion for Summary Judgment, **(Instrument No. 30)**.

I.

A.

This suit is a Federal Employers' Liability Act ("FELA") and Locomotive Inspection Act ("LIA") personal injury case. This case arises from Plaintiff Leopoldo Medoza-Gomez's ("Plaintiff's")[1] exposure to various toxic substances during his employment at Union Pacific Railroad Company ("Defendant" or "Union Pacific"). (Instrument No. 30 at 8-9).

Plaintiff was Defendant's employee from 1969 to 1989. (Instruments No. 1 at 10; No. 30 at 9). Plaintiff worked as a mechanical laborer and claims that he was exposed to asbestos, silica, diesel fumes, secondhand cigarette smoke, and other toxic substances. (Instrument No. 1 at 10). In 2019, Plaintiff was diagnosed with lung cancer and asbestosis. (Instrument No. 1 at 10).

---

[1] Throughout the Complaint, Plaintiff is referred to as "Leopoldo," "Leopold," and "Rodolfo." (Instrument No. 1). The Court notes that these names all refer to the same plaintiff.

**B.**

On December 5, 2019, Plaintiff filed his Original Complaint. (Instrument No. 1). Plaintiff brings a negligence claim under FELA and a claim for violating the Locomotive Inspection Act. (Instrument No. 1 at 11-13). On January 31, 2020, Defendant filed its Answer. (Instrument No. 6). On April 23, 2020, Defendant filed its Amended Answer. In its Amended Answer, Defendant asserted that Plaintiff's claims are "barred by the applicable statute of repose, and/or under the doctrines of release, waiver, laches, and/or estoppel." (Instrument No. 9 at 12).

On March 30, 21, Plaintiff filed his Motion for Judgment on the Pleadings regarding Defendant's affirmative defense of "release." (Instrument No. 26). On April 20, 2021, Defendant filed its Response. (Instrument No. 38).

On April 1, 2021, Defendant filed its Motion for Summary Judgment. (Instrument No. 30). On April 19, 2021, Plaintiff filed his Response. (Instrument No. 37).

**II.**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not contain "detailed factual allegations," but it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(c) motion considers dismissal after the pleadings are closed. Fed. R. Civ. P. 12(c). "The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). To survive a motion to dismiss, the complaint must articulate "the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to

be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Stated otherwise, in order to withstand a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010).

When ruling on a 12(c) motion, the Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal citations and quotations omitted); see also *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court does not resolve any disputed fact issues. *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). Instead, the Court assumes all well-pleaded facts contained in the complaint are true. *Wolcott*, 635 F.3d at 763. The Court will not, however, "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (internal quotation omitted). Similarly, legal conclusions masquerading as factual conclusions need not be treated as true. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995); see also *Iqbal*, 556 U.S. at 678. Although all well-pleaded facts are viewed in the light most favorable to the plaintiff, *Turner*, 663 F.3d at 775; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), the Court "will not strain to find inferences favorable to the plaintiff." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (internal citations and quotations omitted). Therefore, to avoid

3

a dismissal for failure to state a claim, a plaintiff must plead specific facts. *Dorsey*, 540 F.3d at 338.

### III.

Plaintiff moves for judgment on the pleadings regarding Defendant's affirmative defense of "release." (Instrument No. 26 at 1). Plaintiff argues that Defendant's Amended Answer is (1) legally deficient; (2) precluded by Federal Rule of Civil Procedure 37(c); and (3) likely invalid. *See generally* (Instrument No. 26).

Plaintiff first argues that Defendant's Amended Answer is legally deficient and fails to provide Plaintiff "fair notice" of the defense asserted. (Instrument No. 26 at 3). Under the Federal Rules of Civil Procedure, an affirmative defense must be pleaded, or else it is waived. *See* Fed. R. Civ. P. 8(c); *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 194 (5th Cir. 1985). A defendant must plead affirmative defenses with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). A plaintiff is provided adequate "fair notice" if the defendant "sufficiently articulated the defense so that the plaintiff [is] not a victim of unfair surprise." *Id.* at 362. In some instances, merely pleading the affirmative defense may be sufficient. *See id.*; *see, e.g., American Motorists Ins. Co. v. Napoli*, 166 F.2d 24, 26 (5th Cir. 1948) (holding that simply pleading "contributory negligence" in a negligence action arising from a car collision, without more, was sufficient). Consequently, determining if defendant provided "fair notice" is a fact-specific inquiry. *Woodfield*, 193 F.3d at 362.

Here, Defendant's Amended Answer asserted that Plaintiff's claims were "barred by the applicable statute of repose, and/or under the doctrines of release, waiver, laches, and/or estoppel." (Instrument No. 9 at 12). Plaintiff contends that this language is impermissible

4

"boilerplate defensive pleading." (Instrument No. 26 at 5). However, Defendant proffers evidence that Plaintiff and Defendant entered into a release agreement, titled "RELEASE." (Instrument No. 38-3) (emphasis in original). Because Plaintiff was a party to the release agreement and the agreement related to the claims asserted in Plaintiff's Complaint, Plaintiff had fair notice of what was encompassed in Defendant's affirmative defense of release and was not the victim of unfair surprise. Accordingly, Defendant sufficiently pleaded this affirmative defense.

Plaintiff also argues that Defendant's evidence related to the release agreement violates Federal Rule of Civil Procedure 37 and the release agreement is invalid. (Instrument No. 26 at 5-11). A Rule 12(c) motion is designed to dispose of cases where a judgment on the merits can be rendered on the substance of the pleadings and judicially noticed facts. *See Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020). A Rule 12(c) motion only considers "the complaint, its proper attachments, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). Here, the parties look at evidence on the record not referenced in or attached to the Amended Answer. The parties also raise these same arguments in Defendant's Motion for Summary Judgment and Plaintiff's Response to the Motion for Summary Judgment. *See* (Instruments No. 30; No. 37). Consequently, the Court finds that the arguments are better analyzed under Defendant's Motion for Summary Judgment.

Accordingly, Plaintiff's Motion for Judgment on the Pleadings is DENIED. (Instrument No. 26).

## IV.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 312, 322 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).

The "movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex*, 477 U.S. at 322-25). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "showing — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

After the moving party has met its burden, in order to "avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The party opposing summary judgment cannot merely rely on the contentions contained in the pleadings. *Little*, 37 F.3d at 1075. Rather, the "party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 457, 458 (5th Cir. 1998); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Although the court draws all reasonable inferences in the light most favorable to the nonmoving party, *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008), the nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). Similarly, "unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. Am.'s Favorite Chicken*, 110 F.3d 295, 297 (5th Cir. 1997).

## V.

Defendant moves for summary judgment for four reasons: (1) Plaintiff's claims are barred by Plaintiff's release agreement; (2) Plaintiff has no admissible causation evidence; (3) Plaintiff's asbestosis claim is untimely; and (4) Plaintiff's Locomotive Inspection Act ("LIA") claim fails as a matter of law. *See generally* (Instrument No. 30). As a preliminary matter, Plaintiff concedes that his LIA claim is not a viable claim. (Instrument No. 37 at 1). Accordingly, Plaintiff's LIA claim is DISMISSED.

Defendant contends that Plaintiff's claims are barred by the release agreement. (Instrument No. 30 at 11). Plaintiff argues that Federal Rule of Civil Procedure 37 precludes Defendant's evidence in support of its affirmative defense of release and asserts that the release agreement is invalid. (Instruments No. 26 at 5-11; No. 37 at 3-8).

The Court first turns to Plaintiff's procedural objection. Plaintiff's arguments related to Rule 37(c)(1) were already made in Plaintiff's Motion to Strike Defendant's supplemental discovery. (Instrument No. 36). On May 25, 2021, the Court denied Plaintiff's Motion and noted that it would entertain any request from Plaintiff to conduct additional discovery based on the late disclosure. (Instrument No. 54). Accordingly, the Court finds Defendant's evidence to be admissible.

Plaintiff also argues that the release agreement is not valid. (Instrument No. 37 at 6). Section 55 of the FELA prohibits contracts that exempt common carriers from any liability. 45 U.S.C. § 55. Under Section 55, the acceptance of benefits from a railway relief department does not preclude an employee's recovery under the FELA. *See Philadelphia, Baltimore & Washington R.R. Co. v. Schubert*, 224 U.S. 603, 610-11 (1912). Additionally, a contract restricting choice of venue for a FELA action is also rendered void under this statute because it prevents the right of a FELA plaintiff to "secure the maximum recovery if he should elect judicial trial of his cause." *Boyd v. Grand Trunk Western R. Co.*, 338 U.S. 263, 266 (1949). However, contracts exempting common carriers from liability are distinguishable from a "full compromise" under a release agreement. *See Callen v. Pennsylvania R. Co.*, 332 U.S. 625, 631 (1948). A release agreement "is not a device to exempt from liability but is a means of compromising a claimed liability and to that extent recognizing its possibility." *Callen*, 332 U.S.

8

at 631. Agreements that allow parties to settle their claims without litigation is a permissible "full compromise" under Section 55. *See id.* at 631; *Boyd*, 338 U.S. at 265.

Here, the release agreement, signed on February 6, 2012, indicates that Defendant paid some amount to Plaintiff, which was agreed to be the:

> full and complete compromise of any and all Claims which have accrued or which may hereafter accrue in favor of [Plaintiff] and against Union Pacific as a result of [Plaintiff's] alleged illnesses, injuries, cancers, future cancers, diseases, and/or death . . . as a result of Alleged Exposures while [Plaintiff] was employed by Union Pacific.

(Instrument No. 38-3 at 2). This release agreement is similar to the release agreement in *Callen*, which was found to not contravene the FELA. *See Callen*, 332 U.S. at 626-31 (holding that a release employee signed in exchange for $250 did not violate the FELA because it constituted a permissible full compromise). Consequently, the Court finds the release agreement to be valid under the FELA.

Plaintiff further contends that the release agreement is invalid because there is no evidence of legally adequate consideration. (Instrument No. 37 at 6). Plaintiff contends that the consideration is inadequate because Defendant segregated its asbestos claims into "malignant" and "non-malignant" categories. (Instrument No. 37 at 6). Plaintiff asserts that the release agreement between Defendant and Plaintiff involved a very small settlement for a "non-malignant" claim even though Plaintiff was ultimately diagnosed with lung cancer. (Instruments No. 26 at 11; No. 37 at 6-7). Plaintiff relies on *Babbitt v. Norfolk & Western Ry. Co.*, 104 F.3d 89 (6th Cir. 1997) and distinguishes the Sixth Circuit case from *Wicker v. Consolidated Rail Corp.*, 142 F.3d 690 (3rd Cir. 1998). (Instrument No. 37 at 5). However, neither of these cases is binding authority and this Court declines to adopt either of their holdings. Moreover, the release agreement clearly states, "This release not only includes Claims which are presently existing or

9

known, but also claims which may develop or become known in the future." (Instrument No. 38-3 at 2). Even though the amount paid under the release agreement is redacted, (Instrument No. 38-3 at 2), the parties were permitted to settle their FELA claims without litigation and they both signed the release agreement with the terms above. Thus, this Court finds that the release agreement is valid and governs Plaintiff's claims in this suit.

Plaintiff also asserts that the release agreement only mentions asbestos and silica, and, therefore, the FELA claims based on diesel fumes and secondhand cigarette smoke should survive summary judgment. (Instrument No. 37 at 5-6). However, this argument ignores the full text of the release agreement. The agreement defines "Alleged Exposure" as "any and all exposures by breathing, touching, ingesting, or otherwise, to any toxic materials, asbestos, dusts, fumes, gases, metals or chemicals, alleged to be caused or contributed to by . . . Union Pacific." (Instrument No. 38-3 at 1). Because "Alleged Exposure" includes "dusts, fumes, [and] gases" arising from Defendant's operations, Plaintiff's FELA claims related to diesel fumes and secondhand cigarette smoke have also been released by the release agreement.

Since Plaintiff's claims are barred by the release agreement, the Court need not analyze the other bases upon which Defendant moves for summary judgment. Accordingly, Defendant's Motion for Summary Judgment is GRANTED. (Instrument No. 30).

## VI.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings is **DENIED, (Instrument No. 26)**, and Defendant's Motion for Summary Judgment is **GRANTED, (Instrument No. 30)**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on the 27th day of July, 2021, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**